UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STEVEN MILLER | ) | **CIVIL ACTION NO.** |
| Plaintiff, | ) ) ) | **COMPLAINT** |
| vs. | ) ) | |
| I.C. SYSTEM, INC. | ) ) | **JURY TRIAL DEMAND** |
| Defendant. | ) ) | |

## NATURE OF ACTION

1. This is an action brought under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the North Carolina Collection Agency Act ("NCCAA"), N.C. Gen. Stat. § 58-70-90 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4. Plaintiff, Steven Miller ("Plaintiff"), is a natural person who at all relevant times resided in the State of North Carolina and County of Rowan.

1

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and N.C. Gen. Stat. § 58-70-90(2).

6. Defendant, I.C. System, Inc. ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5) and N.C. Gen. Stat. § 58-70-90(3).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant is a "collection agency" as defined by N.C. Gen. Stat. § 58-70-90(1).

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

10. Plaintiff's obligation, or alleged obligation, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

11. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

2

12. On or about January 4, 2014, in connection with the collection of the Debt, Defendant mailed Plaintiff a letter demanding payment of the Debt. *See* January 4, 2014 Correspondence, attached as Exhibit A.

13. Prior to the January 4, 2014 correspondence, Plaintiff had retained counsel from the law office Weisberg & Meyers, LLC, to review the collection activity of the Debt and other alleged debts owed.

14. Additionally, prior to Defendant's January 4, 2014 correspondence, Plaintiff's counsel had sent 3 notice letters to Defendant in regards to Plaintiff's other alleged debt accounts with Defendant on the following dates:

    a) June 14, 2012. *See* June 14, 2012 Correspondence, attached as Exhibit B.

    b) June 11, 2013. *See* June 11, 2013 Correspondence, attached as Exhibit C.

    c) July 24, 2013. *See* July 24, 2013 Correspondence, attached as Exhibit D.

15. In each of the notices, Plaintiff's counsel advised Defendant of Plaintiff's representation, instructed that Defendant "not contact our client for any reason," and further stated:

> Be finally advised our client has authorized us to review the collection activity of all creditors and collectors with whom he/she is dealing to determine if all relevant state and federal collection, credit reporting, credit billing and lending laws, fund transfer laws, and telephone calling laws have been complied with.

3

16. Defendant directly communicated with Plaintiff when it knew or should have known that Plaintiff was represented by counsel.

17. Plaintiff's counsel did not provide Defendant with consent to contact Plaintiff directly.

18. Plaintiff's counsel did not fail to respond within a reasonable period of time to any communications from Defendant.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(2)

19. Plaintiff repeats and re-alleges each and every factual allegation above.

20. Defendant violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff directly when it knew or had reason to know that that Plaintiff was represented by counsel.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

4

f) Awarding such other and further relief as the Court may deem just and proper

## COUNT II
## VIOLATION OF N.C. GEN. STAT. § 58-70-115

21. Plaintiff repeats and re-alleges each and every factual allegation above.

22. Defendant violated N.C. Gen. Stat. § 58-70-115 by communicating with Plaintiff when Defendant was notified by the Plaintiff's counsel that she represented Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated N.C. Gen. Stat. § 58-70-115;

b) Awarding Plaintiff actual damages, pursuant to N.C. Gen. Stat. § 58-70-130(a);

c) Awarding Plaintiff statutory damages per violation, pursuant to N.C. Gen. Stat. § 58-70-130(b);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action, pursuant to N.C. Gen. Stat. § 75-16.1;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: July 2, 2014.

                              Respectfully submitted,

                              <u>/s/ Holly E. Dowd</u>
                              Holly E. Dowd (N.C. Bar No. 37533)
                              Thompson Consumer Law Group, PLLC
                              822 Camborne Place
                              Charlotte, NC 28210
                              Telephone: (866) 989 1102
                              Facsimile: (866) 317 2674
                              Email: hdowd@consumerlawinfo.com
                              Attorneys For Plaintiff